ESTATE OF ROBERT H. STRINGER, DECEASED, AND BOBBIE J. STRINGER, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Stringer v. Commissioner
Docket No. 15960-90
United States Tax Court
T.C. Memo 1992-232; 1992 Tax Ct. Memo LEXIS 249; 63 T.C.M. (CCH) 2805; April 20, 1992, Filed *249 Decision will be entered under Rule 155. Clinton J. Wofford, Jr., for petitioners. James Turton, for respondent. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a $ 15,829 deficiency in petitioners' Federal income tax for 1983. After concessions, [1] the only issue for decision is whether the Estate of Robert H. Stringer (the Estate) is liable for self-employment tax under section 1401 [2] in the amount of $ 1,106 for 1983. *250 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Robert H. and Bobbie J. Stringer were husband and wife during 1983. Mr. Stringer died on April 7, 1987. There has been no administration of his estate. Mrs. Stringer resided in Lancaster, Texas, at the time she filed the petition in this case. Mr. and Mrs. Stringer filed a joint Federal income tax return for taxable year 1983. The return was prepared by Fox Accounting Service in Fox, Oklahoma. On November 25, 1986, they signed a Form 872-A, Special Consent to Extend the Time to Assess Tax, for tax year 1983. Mr. Stringer was an automobile and heavy equipment mechanic in Lancaster, Texas. In 1979, Zirger Arabia, Limited (Zirger Arabia) retained Mr. Stringer to work as a heavy equipment operator in Saudi Arabia for the Arabian American Oil Company. Mr. Stringer and Zirger Arabia had a 1-year contract, which was renewable annually. On his joint Federal income tax return for 1983, Mr. Stringer listed his occupation as "Oilfield/Overseas". Throughout Mr. Stringer's affiliation with Zirger Arabia, his regular *251 work pattern consisted of working in Saudi Arabia for 2 months, and then returning to Texas for 1 month's leave. Mrs. Stringer and their two children remained in Texas during the time Mr. Stringer worked in Saudi Arabia. At trial, petitioners introduced 12 invoices reflecting payments by Zirger Arabia to Mr. Stringer for each month of 1983. The invoices state that these payments were for "consulting services". They also state that Mr. Stringer spent a total of 246 days in Saudi Arabia, and 14 days traveling in 1983. Zirger Arabia paid Mr. Stringer's travel expenses between Saudi Arabia and Texas. It also furnished Mr. Stringer with living quarters for the time he was in Saudi Arabia. Zirger Arabia regularly mailed Mr. Stringer's monthly checks to his Texas home address. Mrs. Stringer deposited these checks in their joint bank account. In 1984, Mr. Stringer ended his affiliation with Zirger Arabia, and returned to Texas. On their 1983 joint Federal income tax return, the Stringers reported a total of $ 76,470 in income from Zirger Arabia. They claimed a $ 52,600 foreign earned income exclusion, and a foreign tax credit of $ 1,255. They also reported self-employment tax *252 for Mr. Stringer in the amount of $ 2,231.84. The Stringers attached a Form SE, "Computation of Social Security Self-Employment Tax", to their 1983 Federal income tax return. They computed Mr. Stringer's self-employment tax based on $ 23,870 of the total $ 76,470 that he earned for working in Saudi Arabia during 1983. They did not compute self-employment tax on the $ 52,600 that they had excluded as foreign earned income. As previously stated, they have conceded that they were not entitled to the foreign earned income exclusion for 1983. In her notice of deficiency, respondent disallowed the claimed foreign income exclusion, recomputed the amount of their foreign tax credit, and increased Mr. Stringer's self-employment tax to $ 3,338. OPINION Section 1401 imposes a tax on an individual's self-employment income. [3] Subsections (a) and (b) of section 1402 define "self-employment income" as the gross income, less certain deductions, derived by an individual from any trade or business carried on by such individual. Section 1402(c)(2) provides that "trade or business" for purposes of self-employment income does not include service as an "employee". *253 Respondent determined that Mr. Stringer's income from Zirger Arabia was income received as an independent contractor from a trade or business. The Estate argues that Mr. Stringer was an employee during 1983 and therefore not subject to self-employment tax. It has the burden of proving the existence of an employment relationship between Mr. Stringer and Zirger Arabia. Rule 142(a); . The term "employee" for purposes of the Federal Insurance Contributions Act means "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." See sections 1402(d) and 3121(d)(2). In determining the existence of a common law employer-employee relationship, "the crucial test lies in the right of control, or lack of it, which the employer may exercise respecting the manner in which the service is to be performed and the means to be employed in its accomplishment, as well as the result to be obtained." , revd. and remanded , revd. per curiam sub nom. *254 . The Reed right-to-control test is still the master test. . Whether an employer-employee relationship exists is a question of fact. , affd. ; . We have considered the following factors in deciding this issue: (1) The degree of control exercised by the principal over the details of the work; (2) which party invests in the facilities used in the work; (3) the opportunity of the individual for profit or loss; (4) rights of the principal regarding discharge of the individual; (5) the nature of the work in relation to the principal's regular business; (6) the permanency of the relationship; and (7) the belief of the parties regarding the nature of their relationship. , affd. ; *255 Having considered all the evidence presented in this case, we conclude that the Estate has failed to carry its burden of proving that Mr. Stringer was an "employee" of Zirger Arabia in 1983. On the contrary, the Stringers reported self-employment tax on a portion of the foreign income Mr. Stringer earned in 1983. This fact indicates that the Stringers and their income tax preparer considered Mr. Stringer to be self-employed. Further, the Zirger Arabia invoices showing payments to Mr. Stringer clearly indicate that he was paid for "consulting services" to Zirger Arabia in 1983. In sum, the Estate presented insufficient evidence to show that the income Mr. Stringer received from Zirger Arabia was earned as an employee. Consequently, we hold that the Estate is liable for the additional self-employment tax determined by respondent. To reflect our conclusion on the disputed issue and the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. Petitioners conceded on brief that they were not entitled to a claimed $ 52,600 foreign earned income exclusion under sec. 911. Petitioners also accepted respondent's recomputation of their foreign tax credit. Respondent conceded on brief that the Estate of Robert H. Stringer is properly before the Court, and that petitioner Bobbie J. Stringer is an innocent spouse under sec. 6013(e). ↩
2. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We note that while sec. 911 provides, under certain circumstances, an election to exclude income earned by an individual from sources within a foreign country, the tax imposed by sec. 1401, with respect to the net earnings derived from self-employment, is computed without regard to sec. 911. See sec. 1402(a)(11).↩